IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

JOSE DE JESUS GONZALEZ
NITXA GARCIA REYES

Debtor(s)

WILFREDO SEGARRA MIRANDA

Plaintiff

JOSE DE JESUS GONZALEZ, et als.

Defendant(s)

CASE NO. 02-05485 BKT

CHAPTER 7

ADVERSARY NO. 09-150

FILED & ENTERED ON 06/24/2010

## OPINION AND ORDER

Before the Court are the following motions filed by Defendants SE Berrios & Longo, Fernando Longo Quinones and Sitka Enterprises, Inc. ("Defendants"): the Motion to Dismiss For Lack of Subject Matter Jurisdiction, [Dkt. No.12], the Memorandum of Law in support thereof, [Dkt. No. 12-1], the Motion Objecting to Any Action by the Bankruptcy Court Except Dismissal for Lack of Jurisdiction [Dkt. No. 57], and the Supplemental Memorandum of Law in Support of Motion to Dismiss for Lack of Jurisdiction, [Dkt. No. 62]. These motions were joined by co-defendant Westernbank, [Dkt. No. 24 & 68] and co-defendants Jose De Jesus Rodriguez, Cristina Newcom and Evelyn De Jesus [Dkt. No. 65] ("Co-Defendants"). The Court also considers Plaintiff's oppositions, [Dkt. No. 25, 29 & 74]. For the reasons stated herein, Defendants' motions and co-defendants motions in support of dismissal for lack of jurisdiction are hereby DENIED.

I.      BACKGROUND:

This adversary proceeding is before the Court upon actions or omissions that allegedly occurred during the pendency of bankruptcy case number 02-5485. The appointed Chapter 7 Trustee,

through counsel, filed the captioned case on August 11, 2009. Shortly thereafter, Defendants filed a motion to dismiss alleging lack of jurisdiction due to violations of Defendants' overall constitutional rights.

II.     DISMISSAL FOR LACK OF JURISDICTION:

Before considering the merits of this case, it is axiomatic that the Court must first examine the basis for its jurisdiction. The bankruptcy jurisdiction of district courts and bankruptcy courts is conferred by 28 U.S.C. § 1334. Section 1334(a) provides for exclusive jurisdiction "of all cases under Title 11." 28 U.S.C. § 1334(a). Under Section 1334(b), the district courts have original, but not exclusive, jurisdiction "of all proceedings arising under Title 11, or arising in or related to cases under Title 11." Id. § 1334(b).  The district court then delegates these cases by virtue of 28 U.S.C. § 157(a). Section 157(a) is one of the provisions by which Congress sought to avoid the constitutional infirmities of superseded 28 U.S.C. § 1471 announced in <u>Northern Pipeline Construction Co. v. Marathon Pipe Line Co. 1</u>, 458 U.S. 50 (1982). Section 157(a) leaves it up to the district courts to refer or not to refer cases and proceedings; each district court has provided by rule for automatic reference to bankruptcy judges. Collier on Bankruptcy ¶ 3.02 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.) In this District, General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.), delegates these powers to this District's bankruptcy judges.

The bankruptcy court then is called to examine the nature of the proceedings and its relation to the provisions of Title 11. The power to "hear and determine all cases under Title 11" is a convenient way of saying that the umbrella is handed over by the district court to the bankruptcy court and that, subject to certain exceptions discussed below, all proceedings that arise during the

case are to take place before the bankruptcy court. Collier on Bankruptcy ¶ 3.02 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.) Core proceedings are, at most, those that arise in Title 11 cases or arise under Title 11. The bankruptcy judge may constitutionally enter dispositive orders in core proceedings. Id.

Section 157(b)(2) sets forth a non exhaustive list of matters considered as core proceedings. Plaintiffs allege that this complaint is a core proceeding because it pertains to matters concerning the administration of the estate and because this proceeding affects the liquidation of the assets of the estate. We agree. The relief sought in the complaint directly relates to sections 362, 544, 548 and 549 of the Bankruptcy Code. Accordingly, the allegations made in the complaint have a direct impact on the Chapter 7 bankruptcy estate.

The Court hereby determines that  this Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

III.     TRUSTEE'S STANDING:

In their motion to dismiss, Defendants argue lack of due process because "[t]he Bankruptcy Court is being asked to be a party to the case it is requested to decide. The case as presented places the Court into being judge to the case in which it is a party, the real party in interest and beneficiary of the judgment pursued…" [Dkt. No. 12, Page 3] Defendants confuse the role of the Trustee in bankruptcy proceedings with that of a bankruptcy judge.

Under 11 U.S.C. § 323(a) the trustee is appointed to serve as the representative of the estate. The United States Supreme Court confirmed this interpretation by asserting that "the trustee is the

representative of the debtor's estate, *not* an arm of the government." California State Bd. of Equalization v. Sierra Summit, Inc., 490 U.S. 844, 845 (1989) (noting bankruptcy trustee is not so closely connected to Federal Government that it cannot be viewed as separate entity) (emphasis added).  Circuit decisions further reinforce the position that a trustee does not act on behalf of the judge or the court, but in the interests of the litigants in the bankruptcy proceeding. See In re WHET, Inc., 750 F.2d 149 (1st Cir. 1984) (maintaining trustee owes fiduciary duty to protect interests of debtors and creditors).

Defendants argue that their rights to due process and equal protection of the law have been violated since the trustee represents the interest of the Bankruptcy Court, thereby preventing the presence of an impartial court.  Defendants' argument is without merit because it directly challenges well settled law that a bankruptcy trustee does not act on behalf of the Court; the Trustee acts on behalf of the estate.  Sierra Summit, 490 U.S. at 844-45.

Defendants then argue the Trustee's lack of standing. It is well established by the Supreme Court that the doctrine of standing – necessary for a plaintiff seeking resolution of a dispute through judicial process – requires all of the following: (1) the plaintiff must have suffered an injury in fact; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (citing Allen v. Wright, 468 U.S. 737, 751 (1984)). See generally Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41-43 (1976).  Accordingly, in bankruptcy proceedings it is recognized that the same guidelines for standing preside over the role of a trustee, who has the capacity to bring suit as a representative of the estate.  11 U.S.C. § 323. See also In re El San Juan Hotel Corp., 841 F.2d 6, 9 (1st Cir. 1988) (holding trustee has authority to sue

on behalf of estate under 11 U.S.C. § 323(b)); In re Gunartt, 355 Fed. Appx. 66, 68 (7th Cir. 2009) (stating trustee had exclusive standing to litigate claims after all debtor's property and claims against creditor bank became part of estate upon bankruptcy filing).  In accordance with the aforementioned, the Court hereby determines that the Trustee has met all three elements of standing to pursue the causes of action on behalf of the bankruptcy estate.

IV.     CONCLUSION:

Defendants' motions make several additional arguments for dismissal such as statute of limitations, the equitable tolling and the types of damages prayed for, to name a few. However, because these additional allegations and affirmative defenses are fact driven, this Court concludes that the allegations should more appropriately be considered after the conclusion of discovery, but prior to the commencement of trial.

Having determined that this Court has jurisdiction and that the Trustee has standing to pursue this complaint on behalf of the estate, this Court hereby denies Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction [Dkt. No.12], the Memorandum of Law in support thereof, [Dkt. No. 12-1], the Motion Objecting to Any Action by the Bankruptcy Court Except Dismissal for Lack of Jurisdiction [Dkt. No. 57] and the Supplemental Memorandum of Law in Support of Motion to Dismiss for Lack of Jurisdiction, [Dkt. No. 62] and the joining motions filed by the Co-Defendants [Dkt. No. 24, 65 & 68].

It is further ordered, that Defendants are granted 30 days from the entry of this order to answer the amended complaint. That the Court schedules an evidentiary hearing for Plaintiff's Motion to Secure Effectiveness of Judgment [Dkt. No. 3] together with Defendants demand for Trial by Jury [Dkt. No. 10] and Plaintiff's Opposition [Dkt. No. 18]. A separate Pre-Trial Order will be

entered. Moreover, parties are afforded 90 days to conduct discovery and a Pre-Trial Hearing will be scheduled upon expiration of the term.

SO ORDERED.

San Juan, Puerto Rico, this 24 day of June, 2010.

Brian K. Tester
U.S. Bankruptcy Judge