**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **JOSE DE JESUS GONZALEZ** | **CASE NO. 02-05485 BKT** |
| **NITXA GARCIA REYES** | **CHAPTER 7** |
| Debtor(s) | **ADVERSARY NO. 09-00150** |
| **WILFREDO SEGARRA MIRANDA** | |
| Plaintiff | |
| **JOSE DE JESUS GONZALEZ, et als.** | **FILED & ENTERED ON 08/23/2010** |
| Defendant(s) | |

**OPINION AND ORDER**

Before the Court is a motion by Sitka Enterprises ("Defendants") requesting a jury trial on the adversary proceeding filed by the Chapter 7 Trustee ("Plaintiff" & "Trustee") seeking (1) to avoid a transfer of property in violation of 11 U.S.C. § 549, et. al.; (2); to pierce the corporate veil of the Debtor's corporation; and (3) damages under § 362(k) for willful violation of the automatic stay [Dkt. Nos. 1, 10, 18, 109]. For the reasons stated herein, the motion is DENIED.

I. PROCEDURAL BACKGROUND:

On May 22, 2002, Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On January 31, 2003 the case was converted to Chapter 7. In the current adversary proceeding, the Trustee has alleged that the Debtors may have been the owners of, or held significant stock in, VB Rental, Inc., a corporation organized and existing under the laws of the Commonwealth of Puerto Rico [Dkt. No. 1]. The Trustee has further alleged that this entity served as a corporate veil for the transfer of the Debtors' assets in violation of the automatic stay [Dkt. No. 1]. On September 8th, 2009, without submitting to the jurisdiction of the Court, Defendants filed a "Notice of Demand for Trial by Jury and other matters" [Dkt. No. 10]. On October 5th, 2009, Plaintiff filed an opposition

to the request [Dkt. No. 18]. On August 11th, 2010, Defendants renewed their request for Jury Trial [Dkt. No. 109].

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).1 This is a core proceeding in accordance with 28 U.S.C. § 157(b).

II. LEGAL DISCUSSION & CONCLUSION:

The Supreme Court has recognized the right of a person who has not submitted a claim against a bankruptcy estate to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 36 (1989). The Trustee distinguishes the present case from Granfinanceria in that (1) the claim for recovery of property is brought against the Debtors and their children, not against a person who has not submitted a claim; (2) the action brought for recovery of property does not seek monetary relief; (3) the Debtors do not have a right to a jury trial because they submitted themselves to the jurisdiction of the bankruptcy court; and (4) the claim for damages under § 362(k) is intertwined with the claim brought in equity, and thus should be considered an equitable remedy [Dkt. No. 18].

Generally, parties litigating equitable claims are not entitled to jury trials while parties litigating legal claims do have that right. Granfinanceria at 42. In determining whether there is a right to a jury trial for statutory actions brought in federal courts, the court (1) compares the statutory action to 18th-century actions brought in courts of England prior to merger of courts of law and equity; (2) examines the remedy sought and determines whether it is legal or equitable in nature; and,

if the first two factors indicate that a party has a right to a jury trial, (3) decide whether Congress has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as the fact-finder. Id.; Braunstein v. McCabe, 571 F.3d 108, 118 (1st Cir. 2009).2 When the first two prongs indicate there is no right to a jury trial, the court need not analyze the third prong. Id.

Recovery of property of the estate and the subsequent avoidance powers of the trustee which replaced these causes of action are, and historically have been, equitable in nature. Braunstein at 119-122. Similarly, it is undisputed that a claim seeking to pierce a corporate veil under an "alter ego" theory is equitable. Federal Deposit Ins. Corp. v. Martinez Almodovar, 671 F.Supp. 851, 877 (D.P.R. 1987). Since the remedy sought in both of these actions are, and always have been, equitable in nature, the Court need not reach the third prong of the analysis. Braunstein at 118.

The Trustee further argues that the award of money damages sought under § 362(k) is similarly equitable in nature because it is "incidental to or intertwined with injunctive relief," citing Braunstein at 123 (quoting Tull v. United States, 481 U.S. 412, 424 (1987)) [Dkt. No. 18]. However, the Trustee misinterprets Braunstein to suggest that the Court *presumes a lack* of a right to a jury trial when legal and equitable claims are brought in the same action, when in fact the court *favors* the right to a jury trial in such situations. Tull at 424; Chauffeurs, Teamsters, and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 570 (1990). In Tull, the Supreme Court stated that "if a 'legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common

---

1 The jurisdiction of this Court over the herein Defendants is subject to an appeal to the U.S District Court for the Commonwealth of Puerto Rico filed by the Defendants [Dkt. No. 92], however, there has been no stay pending appeal order entered.

2 The court in Braunstein dealt with a request for a jury trial under § 542, but supports its conclusion by analogy to decisions under § 549 that recognized an action under that section as equitable in nature. Braunstein, 571 F.3d at 123; In re M & L Business Machine Co. v. Youth Benefits Unlimited, Inc., 59 F.3d 1078, 1082 (10th Cir. 1995). The instant

to both claims, remains intact. The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought.'" Tull at 425 (quoting Curtis v. Loether, 415 U.S. 189, 196 (1974)). Thus the parties would generally have a right to a jury trial in a lawsuit where the claims alleged were both legal and equitable in nature.

However, as noted above, Congress may assign resolution of a statutory claim to a non-Article III adjudicative body that does not use a jury as the fact-finder under the third prong of Granfinanceria. Granfinanceria at 42. Under the first two prongs of that test, the claim under § 362(k) would appear to be legal in nature, because even though it lacks any history in the courts of 18th century England, today the claim is clearly legal in nature. In re Glenn, 359 B.R. 200, 203 (Bankr.N.D.Ill.2006). The Defendants thus appear to have a right to a jury trial under the first two prongs of the Granfinanciera analysis and Tull, but the inquiry does not stop there. Under the last prong, the court must determine whether Congress has assigned resolution of the § 362(k) claim to the bankruptcy court, precluding the right to a jury trial. Glenn at 203; Granfinanceria at 42. Congress may deny jury trial rights to claimants litigating under statutory causes of action in cases where "public rights" are litigated. Id. at 51; Glenn at 204. Thus the question becomes whether the Trustee's second cause of action asserts – and section 362(k) protects – "public rights" or "private rights." Glenn at 204.

A statutory cause of action asserts a "public right" where "Congress, acting for a valid legislative purpose pursuant to its constitutional powers under Article I, [has] create[d] a seemingly 'private' right that is so closely integrated into a public regulatory scheme as to be a matter appropriate for agency resolution with limited involvement by the Article III judiciary."

---

proceeding under § 549 should thus be analyzed under the same framework used in Braunstein.

Granfinanciera at 54-55. The Court in Glenn determined "that the rights created by section 362(k)(1) are so fundamental to our bankruptcy system that they are appropriately resolved by a bankruptcy judge sitting without a jury and that they should, therefore, be viewed as 'public rights' as that term is used in Granfinanciera." Glenn at 204. The court further noted that "there is a dearth of law on this issue," and only points to two other relevant cases which came to the same conclusion – that the parties have no right to a jury trial in causes of action brought under § 362(k). Id. at 205 (citing Periera v. Chapman, 92 B.R. 903 (D.Cal.1988); and Gordon v. Friedman's Inc. (In re Gordon), 209 B.R. 414 (Bankr.D.Miss.1997)). This Court agrees with the conclusion reached by these courts, and accordingly finds that the Defendants have no right to a jury trial on any of the claims brought against them. Therefore, Defendants' motion for a jury trial is hereby DENIED.

**SO ORDERED.**

**San Juan, Puerto Rico, this 23 day of August, 2010.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**