**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>JOSE DE JESUS GONZALEZ AND NIXSA GARCIA REYES<br><br>    DEBTORS | CASE NO. 02-05485 [BKT]<br><br><br>CHAPTER 7 |
| WILFREDO SEGARRA MIRANDA, as Chapter 7 Trustee for the Estate of José De Jesús González and Nixsa García Reyes<br><br>    PLAINTIFF | Adv. Pro. No. 09-0150 |
|     VS.<br><br>José de Jesús González, Nixsa García Reyes and the legal partnership existing between them; V.B. Rental, Inc.; José de Jesús Rodríguez; Christina M. Newcomb; Evelyn A. de Jesús Rodríguez; Richard Roe; VDJ Limited Partnership, S.E.; Berríos & Longo Law Office, P.S.C.; Sitka Enterprises, Inc.; Fernando Longo Quiñones; ABC Insurance Co.; DEF Insurance Co.<br><br>    DEFENDANTS | DECLARATORY JUDGMENT; VIOLATION OF AUTOMATIC STAY; DAMAGES; AVOIDANCE OF POST-PETITION TRANSFER; DISREGARD OF CORPORATE VEIL |

**OPPOSITION TO MOTION TO STAY ON TIME TO PLEAD PENDING APPEAL AND
WITHDRAWAL OF REFERENCE [DOCKET NO. 125]**

TO THE HONORABLE COURT:

Plaintiff, Trustee Wilfredo Segarra, respectfully submits his opposition to the "Motion for stay on time to plead pending appeal and withdrawal of reference", as follows:

## I.
## INTRODUCTION

1. Co-defendants Sitka Enterprises, Inc. ["Sitka"] Berrios & Longo Law Offices, P.S.C. [Berrios & Longo"], and Fernando Longo Quinones ["Atty. Longo"] [Collectively "Movants"], request that the proceedings be stayed, or that, "at the very least" the time for them to answer the amended complaint be held in abeyance pending final rulings on the motion for withdrawal of reference and the pending appeals.

2. Movants wrongly assert that if the action is not stayed, they will lose "the very rights that are object of the appeals and the withdrawal of reference, namely the right to an article III judge and right to trial by jury". [Motion, at Page 4]/

3. Plaintiff respectfully submits that, as will be hereinafter more fully discussed, a stay is **not** warranted because the continuation of the action will not result in the lost of any of the rights subject to the appeal or the withdrawal of reference. Furthermore, it is respectfully submitted that:

   a. There is no likelihood of success on the merits;

   b. Movants will not suffer irreparable harm if the stay is not granted;

   c. All of the non-moving parties will be prejudiced by a stay; and

   d. The public interest does not support the issuance of a stay.

## II.
## DISCUSSION

Bankruptcy Rule 5011(c) governs whether an adversary proceeding should be stayed by a bankruptcy court pending a motion requesting the district court to withdraw the reference or requesting the bankruptcy court to abstain from a proceeding. The rule provides that:

> "The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for a stay ordinarily shall be presented first to the bankruptcy judge. A motion for stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge. Relief granted by the district judge shall be on such terms and conditions as the judge deems proper."

As recently held in the case of In re The Antioch Company, 2010 Bankr. LEXIS 1626 (S.D. Ohio):

> "Although BR 5011(c) provides little guidance as to the circumstances under which a bankruptcy court should stay a proceeding, **it is clear from the plain language of the Rule that the granting of a stay should be the exception -- not the general rule**". Emphasis supplied.

The Court in The Antioch case also correctly stated that the case law applying Rule 5011 (c) has limited the circumstances under which a stay may be granted to essentially the circumstances under which a preliminary injunction would be appropriate under Federal Rule of Civil Procedure 65, i.e., only if the moving party can show (1) the likelihood that the pending motion to withdraw will be granted (i.e. likelihood of success on the merits); (2) that the movant will suffer irreparable harm if the stay is denied; (3)

that the non-movants will not be substantially harmed by the stay; and (4) the public interest will be served by granting the stay.

### A. There is no likelihood of success on the merits-

Movants have not shown cause for withdrawal of the reference and much less have they shown likelihood of success on the merits of the motion. As stated by Plaintiff in his Opposition to Motion to Withdraw the Reference, the motion must be denied because: (1) it was not timely filed; (2) even if timely filed, movants do not have a right to a jury trial, thus the premise upon which movants seek withdrawal of reference is false and the motion will be denied; (3) resolution of this adversary proceeding against movants only involves consideration of bankruptcy issues and does not involve substantial and material consideration of non-bankruptcy federal statutes; and (4) the action filed is a core proceeding under 28 U.S.C. §157 (b) (2) (A) – (O).[1]

### B. Movants will not suffer irreparable harm if the stay is not granted-

The irreparable harm alleged by Movants consists in the assumed loss of the rights that are object of the withdrawal of the reference and of the appeals, i.e., the order denying the dismissal of the action and the request for jury trial.

Such allegations do not constitute irreparable harm. In effect, pursuant to the provisions of Section 157 (d), 28 U.S.C., even in the most unlikely event that the District Court determines that movants have a right to a jury trial and a withdrawal of the

---

[1] In order not to repeat at length the arguments already discussed, Plaintiff re alleges by reference the arguments made in the Opposition, as if fully discussed herein.

reference, the District Court has the option of withdrawing the entire adversary proceeding or withdrawing only the trial portion, leaving the pre-trial and discovery matters to be handled by this Court, in which event the stay would result in a total waste of time and resources. In this respect, the District Court will be most compelled to allow this Honorable Court to policy any misconduct that occurred before it, particularly attorneys' misconduct. Cf. In re Tate, 2010 Y.S. Dist. LEXIS 3675.

Again, as stated in The Antioch Company case, supra,

> "The Movants will not suffer irreparable harm if this court denies the requested stay. The Movants' argument that they will be irreparably harmed if this proceeding is not stayed pending the District Court's determination of the Motion because this court might overstep its jurisdictional and constitutional authority if it proceeds with adjudicating the adversary proceeding is without merit. First, the Movants are free to seek a stay from the District Court after the entry of this court's order on this decision. Second, the District Court can withdraw the reference at any time it chooses. Third, it is not likely -- based on the court's analysis of the decisions within this district and other districts -- that the District Court will withdraw the reference at this early stage of this litigation. Finally, a decision to stay this litigation cannot be premised on the mere possibility this court might interpret its jurisdiction in too broad a fashion. If Congress intended for the bankruptcy courts to stay proceedings upon the filing of a motion to withdraw the reference or to abstain, it would have so provided. Movants' argument regarding the risk of the Bankruptcy Court overstepping its jurisdictional and constitutional authority would not only remove the discretion accorded the bankruptcy courts under BR 5011(c), but also would flip the apparent presumption in favor of not staying such proceedings that arises out of the plain language of the Rule."

### C. **All of the non-moving parties will be prejudiced by a stay-**

In this case there are at least six (6) others co-defendants. Despite the fact that they did join the request to dismiss the complaint, they have not filed appeals from any of the orders nor have they joined in the request to withdraw the reference.

Furthermore, as stated before, even in the unlikely event that the movants are successful in any of their frivolous appeals and motions, the probability is that the District Court would not withdraw the adversary proceeding in its entirety. Therefore, everyone will be prejudiced by a stay and the delay in solving this case.

Finally, as has been also maintained as a consideration for denying the stay, "…bankruptcy courts have a particular responsibility to resolve litigation in a focused manner for the collective good of the many creditors and parties in interest affected by its decisions." In re The Antioch Company, *supra*.

### D. The public interest does not support the issuance of a stay-

Movants have totally failed to even argue that the public interest supports the issuance of a stay. The reason is simply because no such public interest supports their contentions to stay the case and delay the resolution and the final closing of this bankruptcy case.

### PRAYER FOR RELIEF

**WHEREFORE**, it is most respectfully requested that the "Motion for stay on time to plead pending appeal and withdrawal of reference" be DENIED and that movants be ordered to answer the amended complaint within a final term of ten (10) days, with such other and further relief as may be just and proper.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this same date she has electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all interested parties of record. It is further certified that on this same date a copy of this motion has been also mailed to: De Jesus, V.B. Rental

and VDJ to their common address at: Dorado del Mar, Calle Coral S15, Dorado, Puerto Rico 00646; and to Nixsa García Reyes to her address at: Nuevas Villas del Manatí, 109 Ave. Las Palmas, Manatí, PR 00674.

Respectfully submitted, this 21st day of September, 2010.

s//
**ELDIA M. DIAZ OLMO**
USDC-PR 128003
P.O. Box 363952
San Juan, Puerto Rico 00936-3952
Tel. 787-641-7355
Fax 787-641-7354
E-mail: diazolmo@villamil.net