**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **DE JESUS-GONZALEZ, et al.,** | |
| **Appellants,** | **Civil No. 11-2080 (GAG)** |
| **v.** | |
| **SEGARRA-MIRANDA, WILFREDO,** | **Adversary No. 09-00150 (BKT)** |
| **Appellee.** | |

**<u>OPINION AND ORDER</u>**

Presently before the court is the appeal by Sitka Enterprises, Inc., Berrios & Longo Law Offices, P.S.C., and Fernando E. Longo-Quinones ("Appellants") of an order issued by the United States Bankruptcy Court for the District of Puerto Rico (Docket No. 15-2), transferring Adversary Case No. 09-150 (BKT), to the U.S. District Court. The issue on appeal is whether the bankruptcy court acted within its power when it transferred the case to the district court.

**I.      Factual and Procedural History**

The present appeal is just one of a smorgasbord of motions, appeals and cases filed before the district court questioning the bankruptcy court's orders. Because of the multiple appeals and the particularities involved with each, the court only summarizes the facts and background necessary to decide the instant appeal. The trustee ("Appellee or Trustee") brought this adversary proceeding against Appellants in bankruptcy court alleging Jose de Jesus-Gonzalez and Nitxa Garcia-Reyes ("Debtors"), their son and daughter, their children's respective spouses, BDJ Limited Partnership, S.E., Berrios and Longo Law Offices, P.S.E., Sitka Enterprises, Inc. and Fernanado Longo-Quinones fraudulently transferred property from the Debtor's estate. Appellants filed a motion to dismiss with the bankruptcy court claiming the bankruptcy court did not have jurisdiction over the adversarial proceeding due to the inclusion of the fraudulent conveyance claim. (See Adv. No. 09-150 (BKT); Docket No. 68.) That motion was denied by the bankruptcy court. (See id. at 84.) Appellants appealed that decision to the district court. (See Civil No. 10-1847 (CCC).) While that appeal was

**Civil No. 11-2080 (GAG)** 2

pending, Trustee filed a withdrawal of reference with the district court seeking to have the district court take jurisdiction of the case. (See Civil No. 1848 (GAG).) The withdrawal of reference was denied because the motion was deemed not ripe. (See Civil No. 10-1848 (GAG); Docket No. 7.) In ruling that the withdrawal of reference was not ripe, the court noted there must be a right to a jury trial prior to withdrawing the reference. (See id.) The right to a jury trial was one of the issues on appeal in Civil No. 10-1847 (CCC). Therefore, until that appeal was resolved, the withdrawal of reference motion would be not be ripe. In Civil No. 10-1847 (CCC), the district court reversed the bankruptcy court, citing the recently decided Stern v. Marshall, 131 S.Ct. 2594 (2011), which held the bankruptcy court, a non-Article III court, does not have the constitutional authority to adjudicate state-law counterclaims. (See Civil No. 10-1847 (CCC); Docket No. 15.) The district court then remanded the action to the bankruptcy court for further proceedings in conformity with that ruling. (See id.) Acting upon the remand order, the bankruptcy court transferred the case to the district court for adjudication. (See Adv. No. 09-150 (BKT); Docket No. 158.) Both Trustee and Appellants appealed the bankruptcy court's order to transfer the case. In Civil No. 11-2079 (JAF), Appellee argues the bankruptcy court erred by transferring the entire case, rather than solely transferring the fraudulent conveyance action. In the instant appeal, Appellants argue the bankruptcy court erred by transferring the case to the district court because it did not have the power to do so and that the granting of its appeal in Civil No. 10-1847 (CCC) required complete dismissal of all claims. (See Docket No. 11 at 2.)

## II. Standard of Review

Appellate courts reviewing a bankruptcy appeal review all conclusions of law *de novo* and all factual determinations under the clearly erroneous standard. In re Vazquez Laboy, 647 F.3d 367, 373 (1st Cir. 2011). All conclusions of law shall be re-examined and factual determinations shall not be upset unless "it rests on clearly erroneous findings of fact, incorrect legal standards, or a meaningful error in judgment." Perry v. Blum, 629 F.3d 1, 14 (1st Cir. 2010) (quoting Tamko Roofing Prods., Inc. v. Ideal Roofing Co., 282 F.3d 23, 39 (1st Cir. 2002)).

## III. Discussion

### A. Judicial Estoppel

**Civil No. 11-2080 (GAG)**                                    3

At the outset, Trustee asks the court to dismiss the instant appeal due to judicial estoppel. Judicial estoppel prevents a party from pressing a legal claim that is inconsistent with the position it successfully took in a prior legal proceeding or at an earlier stage of the litigation. See Guay v. Burack, No. 10-2513, 2012 WL 1352251, at *4 (1st Cir. Apr. 19, 2012). A party who is successful in arguing one legal position, may not take a contrary position in a subsequent proceeding just because that party's interests have changed. See id. The doctrine of judicial estoppel maintains the integrity of the courts by not allowing parties to manipulate the system.

In the instant appeal, Appellants are merely arguing the differing legal issues presented by the various appeals. This litigation is complex. Currently there are three pending actions all working their separate ways through the district court. Appellants' initial attempt at consolidating the four original cases was unsuccessful because the motion to consolidate was filed after the lead case, Civil No. 10-1847 (CCC) was closed. (See Civil No. 10-1847 (CCC); Docket No. 19.) Neither party has attempted to consolidate the cases since.[1] As such, the parties have every right to fully litigate the issues in each case, so long as they do not adopt incompatible stances on the issues. In the case at bar, the sole issue is whether the bankruptcy court had the power to transfer the entire case to the district court. In Civil No. 11-2079 (JAF), the parties are required to argue whether the bankruptcy court should have, or could have, transferred any claims other than the fraudulent conveyance to the district court. In Civil No. 11-1974 (SEC), a case that is currently stayed, the parties must litigate the issues as if the court has jurisdiction to hear the issues presented. Just because Appellants have not raised the issues presented in this appeal in Civil No. 11-1974 (SEC), does not mean they have taken inapposite stances that would invoke judicial estoppel. Civil No. 11-1974 (SEC) is stayed pending a ruling in this appeal, as well as the appeal in Civil No. 11-2079 (JAF). Judicial estoppel does not prevent Appellants' argument in this case and will not lead to Appellant's successfully gaming the system. While these cases could have been consolidated at some point prior to the present, they were not. Hence, the court must act; and with that, the court

---

[1] Each judge presiding over these cases and appeals has questioned the parties why these cases should not be consolidated. The parties have fought consolidation.

**Civil No. 11-2080 (GAG)** 4

shall. The court **DENIES** Appellee's motion to strike the appeal (Docket No. 15).

### B. Powers of the Bankruptcy Court

The bankruptcy court is a non-Article III court established by Congress, allowing bankruptcy actions to be adjudicated in said court. See 28 U.S.C. § 157 (2012). While the bankruptcy court is set up to aid in the administration of bankruptcy proceedings, it is the district court that retains original and exclusive jurisdiction over all bankruptcy cases. See 28 U.S.C. § 1334(a); Stern, 131 S.Ct. At 2603. As such, Congress has given the district court the statutory power to refer any and all bankruptcy proceedings to the bankruptcy court for adjudication. See 28 U.S.C. § 157. In this district, all cases under Title 11 have been referred to the bankruptcy court for the District of Puerto Rico. See General Order of July 19, 1984. Due to this General Order, all cases are automatically referred to the bankruptcy court. In order for a case to be transferred from the bankruptcy court to the district court, a withdrawal of reference motion must be filed pursuant to Rule 5011 of the Federal Rules of Bankruptcy Procedure. See FED.R.BANKR.P. 5011; Local rules 5011-1. A party whose claims are entitled to a trial by jury can motion the district court to take jurisdiction over the proceedings. See FED.R.BANKR.P. 5011; Local rules 5011-1. There is no other mechanism within the Bankruptcy Rules that allow a bankruptcy court to transfer an action to the district court.

### C. Compliance With the Court's Order in Civil No. 10-1847 (CCC)

Appellants argue the bankruptcy court should have dismissed the case. The bankruptcy court denied Appellants motion to dismiss. (See Adv. No. 09-150, Docket No. 84.) The appeal of that order was granted and the case was remanded to the bankruptcy court. (See Civil No. 10-1847 (CCC); Docket No. 15.) Appellants argue the district court's order in Civil No. 10-1847 (CCC) required all claims to be dismissed for lack of jurisdiction. (See Docket No. 11 at 15-16.) Trustee argues the district court merely held the bankruptcy court could not adjudicate the fraudulent conveyance claim, but refrained from ruling on the jurisdiction as to the rest of the claims or whether the bankruptcy court must dismiss the fraudulent conveyance claim. (See Docket No. 18 at 29.)

Nothing in its opinion indicates the district court required the bankruptcy court to dismiss all claims in this case. (See Civil No. 10-1847 (CCC); Docket No. 15 ("the resolution of the fraudulent conveyance action brought by the trustee in this case cannot be adjudicated by the

**Civil No. 11-2080 (GAG)**                                            5

Bankruptcy Court since it lacks constitutional authority to do so . . .").) The opinion clearly lays out the legal reasons why the bankruptcy court cannot adjudicate the fraudulent conveyance claim, but does not mandate the bankruptcy court to dismiss that claim or any other claims. While the bankruptcy court could not adjudicate the fraudulent conveyance claim, other options remained open to the court and the parties. Accordingly, this court does not find the bankruptcy court acted in direct violation of the district court's order by not dismissing all claims.

### D. Power to Transfer the Case to the District Court

As a court of limited jurisdiction, the bankruptcy court must operate within its powers. See Stern, 131 S.Ct. at 2603. The federal statutes, the Federal Rules of Bankruptcy Procedure, as well as the General Orders by the local district court, establish the parameters within which the bankruptcy court may act. In the District of Puerto Rico, it has been established that all bankruptcy cases shall be referred to the bankruptcy court. See General Order of July 19, 1984. Statutorily, such a referral may be withdrawn pursuant to Federal Rule of Bankruptcy Procedure 5011. Upon such a withdrawal of reference motion, the district court may grant or deny the withdrawal of reference. It is the district court that has original and exclusive jurisdiction over these cases. See 28 U.S.C. § 157.

The court cannot find any mechanism that would allow the bankruptcy court to transfer a case from its docket to the district court. The bankruptcy court does not have the power to transfer cases. A withdrawal of reference allows the district court to ensure only those cases requiring adjudication in the district court are transferred. Allowing the bankruptcy court to transfer cases to the district court *sua sponte* would run contrary to the statutory powers given to the bankruptcy court by Congress. There are no inherent powers of the bankruptcy court that would allow such transfers in the absence of a statutory grant.

This court finds the proper mechanism for transferring a case is by motion to withdraw the reference. See FED.R.BANKR.P. 5011. In this case, Appellants filed a motion to withdraw the reference, but it was ruled not ripe for adjudication. The court noted the then pending action, Civil No. 10-1847 (CCC), would clarify whether the bankruptcy court had the power to adjudicate the

**Civil No. 11-2080 (GAG)** 6

fraudulent conveyance claim. After Civil No. 10-1847 (CCC) was remanded, no party sought withdrawal of the reference to the bankruptcy court, most likely because the bankruptcy court transferred the case *sua sponte* before any such motion could be filed. But such a motion was necessary to allow a transfer. Now that Civil No. 10-1847 (CCC) has been resolved, a motion for withdrawal of reference may be ripe and appropriate at this time.

A motion for withdrawal of reference is useful because it allows both the parties and the court to analyze the issues presented and rule on which issues should be transferred to the district court and which issues can and should be resolved by the bankruptcy court. It also provides the parties an opportunity to consent to trial before the bankruptcy court. Allowing all interested parties the opportunity to raise potential issues to the court prior to transfer will facilitate the court in making the proper ruling. That is the case here. A motion for withdrawal of reference is a right of the parties and will allow the moving party to select which issue(s) the reference should be withdrawn. Once motioned by the moving party, any party opposing such a motion may make the appropriate arguments to the district court, which will then rule on the motion. The court finds this procedural route to not only be the statutorily proper mechanism for transferring a case from the bankruptcy court to the district court, but it also is the route that allows for the issues to be fully developed and argued before the court. As such, the court **GRANTS** Appellants' appeal as to the inability of the bankruptcy court to transfer the case to the district court and **DENIES** Appellants' arguments that the only course of action for the bankruptcy court is full dismissal of all claims. The case is hereby **REMANDED** for further adjudication in compliance with this ruling.

**SO ORDERED**.

In San Juan, Puerto Rico this 25th day of May, 2012.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge