UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

WILFREDO SEGARRA-MIRANDA,

    Plaintiff,

    v.

SITKA ENTERPRISES, INC.,

    Defendant.

Civil No. 11-2079 (JAF)

## OPINION AND ORDER

Pending before this court is an appeal filed by appellant Wilfredo Segarra-Miranda ("Trustee") against appellee Sitka Enterprises, Incorporated ("Sitka"). Under 28 U.S.C. § 158(a), Trustee challenges the transfer of an adversary proceeding in the bankruptcy court to the district court. (Docket Nos. 1; 4;[1] see also Bankr. Case No. 09-0150-BKT, Docket No. 158.) Sitka files a brief in opposition. (Docket No. 11.) Trustee replies, (Docket No. 24), Sitka responds (Docket No. 25), and Trustee submits his surreply (Docket No. 28).

Appellant-Trustee is the appointed trustee of the estate of debtors José de Jesús González and Nixsa García Reyes ("the Debtors"), who filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§701–784, in 2003. (Bankr. No. 02-05485-BKT, Docket No. 53.) On August 11, 2009, Trustee began an adversary proceeding against the Debtors and Sitka, a corporation to which the Debtors had transferred estate property, arguing that that transfer was a fraudulent conveyance. (Bankr. No. 09-050-BKT, Docket No. 30.) After the bankruptcy court denied the defendants' motion to dismiss,

---

[1] Unless otherwise noted, all docket citations refer to the present case, Civil No. 11-2079.

Civil No. 11-2079 (JAF) -2-

(Bankr. No. 09-050-BKT, Docket No. 84), the defendants filed an appeal with the district court. On August 10, 2011, the Honorable Carmen C. Cerezo granted that appeal; based on Stern v. Marshall, 131 S. Ct. 2594 (2011), the court held that the "fraudulent conveyance action brought by the trustee . . . cannot be adjudicated by the Bankruptcy Court since it lacks constitutional authority to do so," and remanded the case to the bankruptcy court to proceed accordingly. (Civ. No. 10-1847, Docket No. 5 at 4.) In conformity with that order, the bankruptcy court "concluded that the matter must be adjudicated by the U.S. District Court" and sua sponte transferred the entire adversary proceeding to the district court. (Bankr. No. 09-050-BKT, Docket No. 158.) In a separate appeal arising out of the same proceedings, U.S. District Court Judge Gustavo A. Gelpí held that the bankruptcy court lacked authority to sua sponte transfer the entire case because of the problematic fraudulent conveyance claim and remanded the transferred case back to the bankruptcy court.[2] (Civ. No. 11-2080, Docket No. 28.)

Appellant frames issues in the present appeal as: 1) whether the bankruptcy court erred in holding that a district court had to adjudicate the entire case; 2) whether it erred in transferring the whole case to district court; and 3) whether the bankruptcy court may adjudicate the cause of action for recovery of property transferred in violation of the automatic stay and/or post-petition transfer of estate property. (Docket No. 4 at 6.) As discussed above, Judge Gelpí recently remanded the case to the bankruptcy court after an appeal from the same adversary proceeding (involving similar issues). That decision has rendered the present appeal moot.

---

[2] In that appeal, Sitka argued that "the bankruptcy court erred by transferring the case to the district court because it did not have the power to do so and that the granting of its appeal in Civil No. 10-1847 (CCC) required complete dismissal of all claims." (Civ. No. 11-2080, Docket No. 28 at 2.)

Civil No. 11-2079 (JAF)                                                          -3-

In bankruptcy appeals, mootness "is premised on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief." In re Public Serv. Co., 963 F.2d 469, 471 (1st Cir. 1992). The First Circuit has "previously held that a case is moot when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome." Overseas Military Sales Corp. v. Giralt-Armada, 503 F.3d 12, 17 (1st Cir. 2007) (quoting Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001)) (internal quotation marks omitted); see also id. at 16 ("[E]ven though neither party raised this issue, we must inquire sua sponte whether an appeal has been rendered moot by subsequent events.")

The issues in this appeal have already been resolved and the case remanded to bankruptcy court. We cannot provide a remedy and, therefore, we dismiss the present appeal. See In re Public Serv. Co., 963 F.2d 469, 473 (1st Cir. 1992) ("The case is moot if the requested relief would be either inequitable or impracticable in light of the change in circumstances.").

For the above reasons, the present bankruptcy appeal is **DENIED** and **DISMISSED** as moot.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of June, 2012.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
United States District Judge